**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Erica Macias,

       Plaintiff(s),

v.

The Standard Fire Insurance Company,

       Defendant(s).

Case No. 2:25-cv-00900-APG-NJK

**Order**

[Docket No. 42]

Pending before the Court is a stipulation to extend the discovery cutoff and subsequent case management deadlines by 121 days.[1]  Docket No. 42.

**I.    BACKGROUND**

This case arises out of a dispute regarding underinsured motorist coverage.  Docket No. 1-1.  Defendant removed the case to federal court on diversity grounds.  Docket No. 1.  On June 26, 2025, the parties held their Rule 26(f) conference, Docket No. 16 at 1, at which time there was no impediment to proceeding with discovery, *see* Fed. R. Civ. P. 26(d)(1).  On July 2, 2025, the parties filed a joint proposed discovery plan seeking an elongated discovery period, with Plaintiff asking for 365 days and Defendant asking for 240 days.  Docket No. 16.  Although the Court expressed skepticism as to the reasons proffered for extra discovery time, it allowed an extra 60 days as a courtesy to counsel.  Docket No. 17 at 1.  The Court also stated that "attorneys overloading their work obligations is not good cause for an extended discovery period."  *Id.* at 1 n.1.

After an approved extension, the operative scheduling order sets a discovery cutoff of March 17, 2026.  Docket No. 39.  At 3:03 p.m. on March 17, 2026, the parties filed a stipulation

---

[1] The stipulation proclaims wrongly that the parties seek an extension of 60 days, Docket No. 42 at 1, when the parties actually seek an extension of 121 days, *see id.* at 3 (proposing new discovery cutoff of July 16, 2026).

to extend that deadline by 60 days.  Docket No. 40.  An amended version of that stipulation seeking to extend the discovery cutoff by 121 days is now before the Court.  Docket No. 42.

## II.      STANDARDS

A request to extend unexpired deadlines in the scheduling order is governed by Rule 16 of the Federal Rules of Civil Procedure.[2]  "The Ninth Circuit is protective of this particular rule, as it deems Rule 16 to be an essential tool in controlling heavy trial court dockets." *Williams v. James River Grp. Inc.*, 627 F. Supp. 3d 1172, 1177 n.3 (D. Nev. 2022) (quoting *Gerawan Farming, Inc. v. Rehrig Pac. Co.*, No. 1:11-cv-01273-LJO-BAM, 2013 WL 645741, at *4 (E.D. Cal. Feb. 21, 2013)).  Indeed, the Ninth Circuit has "repeatedly and emphatically addressed the importance of scheduling orders as tools for district courts to manage their heavy caseloads." *Desio v. State Farm Mut. Auto. Ins. Co.*, 339 F.R.D. 632, 641 (D. Nev. 2021) (collecting cases).  As articulated in one of those cases:

> A scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril."  The district court's decision to honor the terms of its binding scheduling order does not simply exalt procedural technicalities over the merits of [the] case.  Disregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier.

*Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) (internal citation omitted).[3]  "The use of orders establishing a firm discovery cutoff date is commonplace, and has impacts generally helpful to the orderly progress of litigation, so that the enforcement of such an order should come as a surprise to no one." *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1027 (9th Cir. 2006); *see also, e.g.*, *Wong v. Regents of the Univ. of Cal.,* 410 F.3d 1052, 1060 (9th Cir. 2005) ("In these days of heavy caseloads, trial courts in both the federal and state systems routinely set schedules and establish deadlines to foster the efficient treatment and

---

[2] Such a request is also governed by Local Rule 26-3.

[3] The Ninth Circuit has at times taken a softer approach to extensions in other contexts, such as briefing schedules.  *See Ahanchian v. Xenon Pics., Inc.*, 624 F.3d 1253, 1257-60 (9th Cir. 2010); *but see Ratha v. Phatthana Seafood Co.*, 35 F.4th 1159, 1181 (9th Cir. 2022) (distinguishing *Ahanchian* and affirming denial of request to extend "stringent" briefing schedule).  Given the robust body of law specific to the Rule 16 context, the Court does not apply the standards discussed in these other cases. *See, e.g.*, *Williams*, 627 F. Supp. 3d at 1177 n.3.

resolution of cases. Those efforts will be successful only if the deadlines are taken seriously by the parties, and the best way to encourage that is to enforce the deadlines").

The governing good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *Johnson*, 975 F.2d at 609. "The diligence obligation is ongoing." *Morgal v. Maricopa Cnty. Bd. of Supervisors*, 284 F.R.D. 452, 460 (D. Ariz. 2012). The showing of diligence is measured by the conduct displayed throughout the entire period of time already allowed. *See Muniz v. United Parcel Serv., Inc.*, 731 F.Supp.2d 961, 967 (N.D. Cal. 2010) (quoting *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999)). Extensions of case management deadlines are meant to arise from circumstances that could not have been reasonably foreseen at the time those deadlines were set. *See Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D.Cal.1999). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson*, 975 F.2d at 609. When diligence has not been shown in support of an extension request, "the inquiry should end." *Id.*

"That a request is made jointly neither mandates allowance of the extension sought nor exempts parties from making the necessary showings to justify that relief. Failure to provide such showings may result in denial of a stipulated request to extend the case management deadlines." *Williams*, 627 F. Supp. 3d at 1178.

## III.   ANALYSIS

Before turning to the substance of the instant stipulation, the Court notes that relief was sought just a few hours before the subject deadline expired. *Compare* Docket No. 40 (notice of electronic filing) *with* Docket No. 39. "A motion or stipulation to extend a deadline set forth in a discovery plan must be received by the court no later than 21 days before the expiration of the subject deadline." Local Rule 26-3. No explanation is advanced as to why this request was made at the eleventh hour.

The substance of the request also fails to establish good cause to modify the case management schedule. The stipulation explains that defense counsel is busy handling other cases,

3

which has hindered the scheduling of the Rule 30(b)(6) deposition. Docket No. 42 at 2.[4] As the Court has already advised counsel in this case, however, "attorneys overloading their work obligations" does not amount to good cause. Docket No. 17 at 1 n.1. Quite the contrary, "attesting that an attorney has overloaded his work obligations such that he cannot comply with established deadlines is not only an insufficient basis to modify case management deadlines, **it is cause for alarm**." *Williams*, 627 F. Supp. 3d at 1179 (emphasis added). Judges—including the district judge assigned to this case and the undersigned—routinely find that an attorney's busy work schedule is not good cause to modify case management deadlines. *See Branch Banking & Trust Co. v. D.M.S.I., LLC*, 2013 WL 3197663, at *1 n.1 (D. Nev. June 21, 2013) (Gordon, J.) (finding excuse that parties and their counsel "were very busy . . . does not constitute 'good cause' pursuant to Fed. R. Civ. P. 16"), *aff'd*, 871 F.3d 751, 765 (9th Cir. 2017); *see also, e.g.*, *Williams*, 627 F. Supp. 3d at 1179. That defense counsel has apparently bitten off more than he can chew is not good cause to modify the case management schedule at this late hour.

The stipulation also explains that the parties "have been engaged in settlement discussions." Docket No. 42 at 2. No explanation is offered as to how engaging in settlement discussions renders it unreasonable or impracticable to meet the case management schedule that is established (i.e., why counsel could not discuss settlement and conduct discovery). Settlement discussions are a common (and, in fact, required) aspect for all federal civil cases. *See, e.g.*, Fed. R. Civ. P. 26(f)(2) (requiring Rule 26(f) conference to include discussion of "the possibilities for promptly settling or resolving the case"). Hence, "[t]here is nothing unexpected about the prospect that a case may settle that would ordinarily warrant a delay to the existing deadlines in the case." *Williams*, 627 F. Supp. 3d at 1181. Not surprisingly, there is a mountain of case law from

---

[4] Defense counsel also suggests that his law firm is not equipped to handle the litigation commitments that it has made by agreeing to represent clients in these varying matters. *See id.* (explaining that "Defense counsel's firm has four attorneys and only defense counsel is licensed to practice in Nevada"). That is not a viable excuse. If the bandwidth of counsel's firm is limited, then counsel has an obligation "to the Court and to their clients to ensure that they accept a caseload that enables them to meet litigation deadlines." *Williams*, 627 F. Supp. 3d at 1179 (citing *Carisbrook Asset Holding Tr. v. SFR Invs. Pool 1, LLC*, 2019 WL 2393614, at *3 n.2 (D. Nev. June 6, 2019)).

throughout the Ninth Circuit concluding that settlement discussions do not constitute good cause to modify the case management schedule. *See id.* (collecting cases).

The stipulation also indicates that the deposition of Plaintiff's designated expert, Dennis Yun, has been delayed by months "due to travel." Docket No. 42 at 2. Although not entirely clear, it would appear that Yun was designated as an initial expert, *see id.*, which means that his corresponding disclosure was made two months ago, *see id.* at 3.[5] No meaningful explanation is advanced as to why the several weeks of existing time for this deposition were not sufficient had reasonable diligence been exercised. Moreover and significantly, one would certainly expect an attorney to ensure that he is retaining an expert who is actually available to be deposed in the case as that would be a basic part of the job. The vague assertions in the stipulation fail to show that Yun's apparently extensive travel was not foreseeable.[6]

## VI.   FINAL WARNING TO COUNSEL

Throughout this case, counsel for both sides have had a rocky relationship with the governing rules and the concept of accuracy. *See* Docket No. 19 (denying stipulation to amend the complaint for failing to provide an accurate caption and violating Local Rule 15-1(a)); Docket No. 21 (denying stipulation to amend for failing to provide an accurate caption and violating Local Rule IC 2-2(a)(3)(A)); Docket No. 29 (striking certificate of interested parties for violating Fed. R. Civ. P. 7.1(a)(2)); Docket No. 37 (denying stipulation to extend for identifying the wrong rule and failing to comply with the rule that actually governs (Local Rule 26-3), and also noting continued failure to file documents with an accurate caption); Docket No. 41 (denying stipulation to extend as rife with errors and nonsensical). Despite repeated admonitions to learn the rules and carefully review their filings, the instant request is predicated on an outdated reference to former "Local Rule 26-4" and to never-existing "Local Rule 26-23/ [sic]." Docket No. 42 at 1, 2. As has

---

[5] Even were Yun designated as a rebuttal expert, the parties have already had a month to schedule his deposition. *See id.*

[6] Lastly, the Court notes that the parties are asking for a new discovery cutoff of July 16, 2026, Docket No. 42 at 3, while also vouching that "all remaining discovery will be completed" by May 18, 2026, *id.* at 2. It remains a mystery why an extension of the discovery cutoff would possibly be provided to July 16, 2026, if discovery can be completed two months earlier.

already been explained in this case, the actual local rule that governs is Local Rule 26-3. *See* Docket No. 37 at 1. The instant request also includes numerous factual errors, including wrongly saying the parties seek an extra 60 days for discovery, Docket No. 42 at 1, when they actually seek an extra 121 days for discovery, *see id.* at 3 (proposing new discovery cutoff of July 16, 2026), and providing inconsistent statements about when Expert Yun's deposition is scheduled, *compare id.* at 2 (representing that Yun's deposition is "currently set for May 21, 2026") *with id.* at 3 (representing that Yun's deposition is noticed for May 1, 2026). As the Court has already made clear, *e.g.*, Docket No. 41 (warning of potential sanctions), counsel are entering treacherous waters with their continued violations and inaccuracies. It is past time to right the ship.

**V.    CONCLUSION**

For the reasons discussed above, the stipulation to extend the discovery cutoff and subsequent deadlines is **DENIED**.

IT IS SO ORDERED.

Dated:  March 20, 2026

_____
Nancy J. Koppe
United States Magistrate Judge

6